13-2303-cv
Romano v. Chautauqua Opportunities, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand fourteen.

PRESENT: CHESTER J. STRAUB,
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

LISA M. ROMANO,

*Plaintiff-Appellant*,

v.                                                    No. 13-2303-cv

CHAUTAUQUA OPPORTUNITIES, INC.,

*Defendant-Appellee*.

-----------------------------------------------------------------

1

FOR APPELLANT: RICHARD J. PERRY (Lindy Korn, *on the brief*), Law Office of Lindy Korn, Buffalo, NY.

FOR APPELLEE: EDWARD WAGNER, Wagner & Hart, LLP, Olean, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Lisa Romano appeals from the District Court's grant of summary judgment in favor of her former employer, Chautauqua Opportunities, Inc. ("COI"), on her claim of discriminatory termination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.[1] We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's grant of summary judgment de novo. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010). Romano's claim of disability discrimination is governed by the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009). On appeal, Romano argues that the District Court, having assumed that she established a prima facie case of discrimination, should have denied summary judgment

---

[1] In her opening brief, Romano addresses neither the District Court's award of summary judgment in favor of COI on her claim for failure to accommodate nor its decision to deny her motion for reconsideration. Accordingly, we consider both issues abandoned and do not address them here. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

because (1) COI failed to articulate sufficiently a legitimate nondiscriminatory reason for her termination, and (2) there was evidence from which a reasonable juror could infer that the proffered reason was pretextual.  We disagree.

We need not resolve whether Romano established a prima facie case because COI sufficiently articulated a legitimate nondiscriminatory explanation for her termination.  See U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983).  COI Executive Director Roberta Keller explained that an organizational restructuring prompted by a loss of funding caused her to eliminate three positions, including the sole clerk scheduler position held by Romano.  Remaining positions were changed in part to centralize certain job functions, including those previously performed by the clerk scheduler.  This explanation is clear and specific enough to satisfy COI's burden of production.  See Carlton v. Mystic Transp., Inc., 202 F.3d 129, 136 (2d Cir. 2000).

The burden having shifted back to Romano to provide competent evidence of pretext, she failed to raise a genuine factual dispute as to whether Keller's explanation is pretextual.  Nothing in the record rebuts Keller's testimony that she was ultimately responsible for the decision to eliminate Romano's position and restructure other positions and was unaware at the time that Romano was disabled.  Because Keller considered department recommendations in making this restructuring determination, Romano suggests that her decision may have been tainted by a recommendation from Romano's direct supervisors.  See Bickerstaff v. Vassar College, 196 F.3d 435, 450 (2d Cir. 1999).  But absent evidence that those superiors played a meaningful role in the specific decision to eliminate Romano's position, this is mere conjecture.

3

Nor is there evidence from which rationally to infer that Romano's supervisors used the restructuring as a pretext to fire her by not offering her one of the modified positions. As Keller explained, these positions were created by revising the job responsibilities of retained positions, all of which were occupied by existing employees. Romano gives no reason why COI was required to bump the employees already in those jobs to accommodate her. Even if we were to view the expanded positions that absorbed Romano's job functions as available positions, Romano has not demonstrated that she was qualified for these jobs. See Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 111 (2d Cir. 1992). Because Romano has not produced evidence that would permit a reasonable factfinder to conclude that the restructuring was a pretext for terminating her, COI is entitled to summary judgment. See Patterson v. Cnty. of Oneida, 375 F.3d 206, 221 (2d Cir. 2004).

We have considered Romano's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:

                                        Catherine O'Hagan Wolfe, Clerk of Court